IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARON A. WILLIAMS, | ) |
| *Plaintiff,* | ) |
| | ) No. _____ |
| -vs- | ) |
| | ) *(jury demand)* |
| CITY OF HARVEY and G. THOMAS, | ) |
| | ) |
| *Defendants.* | ) |

FILED: JULY 15, 2008
08CV4019
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE MASON
PH

## COMPLAINT

Plaintiff, by counsel, allege as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this court is conferred by 28 U.S.C. §1343.

2. Plaintiff Daron A. Williams is a resident of the Northern District of Illinois.

3. Defendant City of Harvey is an Illinois municipal corporation.

4. Defendant G. Thomas is employed by the City of Harvey as a police detective and is sued in his individual capacity.

5. On June 3, 2008, defendant Thomas falsely arrested plaintiff and caused plaintiff to be transported to the Harvey police station.

6. Plaintiff surrendered his personal property at the Harvey police station, where he was held in custody for several hours.

7. Plaintiff requested the return of his personal property upon his release.

8. In accordance with a policy or practice of the City of Harvey, the Harvey police department maintained custody of the United States currency which defendant Thomas had seized from plaintiff.

9. At all times relevant, there has been in force and effect in the City of Harvey a policy or practice so widespread as to have the force of law that the Harvey police department will hold United States Currency seized from arrestees until and unless the arresting officer authorizes the return of that property. The City of Harvey applies this policy without any reason to believe that the currency is evidence of a crime or is otherwise subject to forefeiture.

10. Following his enlargement from custody, plaintiff made repeated requests of desk personnel at the Harvey police department for the return of his money. Each request produced the response that only Detective Thomas could authorize the return of the money and Detective Thomas was unavailable.

11. The charge which Thomas caused to be filed against plaintiff was dismissed at plaintiff's first court appearance on July 1, 2008.

12. Following dismissal of the criminal charges, plaintiff again made repeated requests of desk personnel at the Harvey police department for the return of his money. Each request produced the response that only Detective Thomas could authorize the return of the money and Detective Thomas was unavailable.

13. As a result of the foregoing, plaintiff was subjected to a false arrest and to the unreasonable seizure of his property, in violation of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United

States. In addition, plaintiff has been deprived of property without Due Process of Law, as secured by the Fourteenth Amendment, by the above described policy of the City of Harvey.

14. Plaintiff brings this action individually and for all persons subjected to the above described policy within the two year period preceding the filing of this action.

15. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff prays that judgment be entered in his favor and against defendants in an amount in excess of twenty five thousand dollars as compensatory damages, and that judgment be entered in favor of all others similarly situated and appropriate damages awarded, or equitable relief granted, against the City of Harvey in favor of each person similarly situated.

*/s/ Kenneth N. Flaxman*
_____

KENNETH N. FLAXMAN
ARDC No. 830399
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604-2430

(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)

*attorney for plaintiff*